Your honors, it seems to me that the dispositive issue on this appeal is whether the federal court had jurisdiction after the removal or whether it should have remanded the case to state court. That issue, it's been elaborately briefed, but I think it's basically simple. There isn't any question that there's diversity of citizenship between Anto Baghdassarian and his brother Ara. Anto lives in California, Ara lives in Virginia. There isn't any issue of federal question, jurisdiction, so the only question is whether the amount in controversy is $75,000 or more. The district court found that it was based on the value of Anto's Caroon Dairies Inc. is not a party to this case, and there's no question that Anto does more than $75,000 a year in business, but Ara doesn't do any business at all. He doesn't sell any goods. He's made two sales in the last ten years, and he's just basically litigating. And all we're asking for is injunctive relief. We're not asking for damages, and therefore we believe that the amount in controversy does not exceed $75,000 and that the district court didn't have jurisdiction. I had trouble understanding your brief on this point. You seem to think that the amount of money that the defendant, Ara, would lose or gain... I'm sorry, Your Honor, it's... You seem to say that the amount in controversy is based on the amount of money that Ara would gain or lose as a result of the injunction, but I think the argument is how much money would the plaintiff gain or lose as a result of the injunction. Well, let me say this. There's no evidence that even the plaintiff would gain or lose more than $75,000. All that's happening is that Ara made a deal with his wants to get it corrected, but all he's asking is to have him enjoined from violating his agreement. And how much money is it going to cost Anto's company if Ara continues in his wayward ways? Wayward as your complaint describes them. Well, we don't know. We think it would obviously cause some damage, but there's no evidence in the record to suggest that that would amount to more than $75,000. Well, we're not talking about evidence at this stage of removal. We're talking about allegations. Well, we don't allege that it would cost more than... Let me say this, Your Honor. I understand the point that you're making, and that was the rationale for the district court's decision. Yes. He said, I assume it would be more than $75,000. Let me... Unless Your Honors have more questions, I'll leave that for the briefs and maybe rebuttal. But let me talk about the motion to dismiss the 12v6 motion on grounds of limitations. We have explained, and we believe that the district court was obligated to apply California law, and that California law, as expressed in civil code section 1646, requires this issue to be determined by Lebanese law, because Lebanon is the place of performance, and Lebanon is the place where the contract was made, and Lebanese law has a 10-year statute of limitations. Now, I understand that if the motion to remand should have been granted, and the district court didn't have jurisdiction, then his ruling on the statute of limitations would be vacated, and we would do that from scratch in the state court. We believe that California court would have no difficulty applying Lebanese law under section 1646. And in fact, we have some question whether a California court, even if it applied California law, would hold that this claim was barred. I point out to Your Honors that this is an unusual promise. It's a promise that Anto gets to use the Karun mark anywhere outside of Lebanon, and Ara doesn't. So every day that Ara, every day there is a new obligation and a new breach. We're not suing for damages for his previous breaches. We're only suing to enjoin him from future breaches. So we believe, even though we would be reluctant for the delay, we believe that a California court would have no difficulty in ruling that the claim is not barred, either because of the Lebanese 10-year statute, or because even under California law it's not barred. Did you make that argument in your brief about continuing violation? It's a continuing violation. I understand that. Did you make that argument in your brief? No. As I say, we would have to make that argument in the California court. Why didn't you make it here? Well, because we didn't make it in the district court. And on that point, Your Honor, there are several arguments that the other side has made in this court that were not made in the district court, and we have objected to it. And I think that there is a clear rule in this circuit and all federal circuits that if you don't raise it in the trial court, you don't get to argue it on appeal. I'm happy to expand on it if you want to hear about it. No, but the reason I'm asking that is I looked for that argument about continuing violation in your brief, and I couldn't find it, because it seems to me a pretty good argument. All right. But if the case is remanded to state court, we'll start from scratch. If you want to hold that it's properly in federal court, we believe that the ruling on the statute of limitations was incorrect. We do have a motion to strike their arguments about claim splitting and illegality and statute of frauds. They weren't argued in the trial court. They weren't briefed in the trial court. We didn't have an opportunity to brief them here. And so we don't believe that they're before you. If the case goes back to California, they can be brought up there and we'll deal with them then. We think the arguments are all incorrect, as we've told you. Other than that, Your Honors, unless you have some questions, I'll wait for the rest of my time. I have one question for you on the choice of law. You rely on the – I said I have one question for you, so don't walk away, please. Are you going to get your – I said I have one question for you. Oh, I'm sorry. I wasn't speaking into the microphone. My voice is failing me as well. So no need to pause this. On the choice of law question, you rely on 1646. Yes. Maybe you could just address Frontier Oil, the California Court of Appeal decision. I guess I read that as saying 1646 has nothing to do with the choice of law issue that you want to invoke it for. Well, Hambrick and Quist and Henderson both say that under 1646, the – if the contract is interpreted under the law of another jurisdiction, that would include that jurisdiction's statute of limitations. There is a passing remark by way of dictum in the Frontier Oil case, which involves completely unrelated issues, as to whether the interpretation of the statute extends to what statute of limitations applies. He questions it, but he doesn't decide one way or another, and it seems to me that Hambrick and Quist and Henderson are clear on the point that under 1646, Lebanese law would apply as to the period of limitations and that's a 10-year statute. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. I am Stanley Panikowsky of the law firm DLA Piper, and I represent the appellee, Mr. Ara Bagdasarian. The district court's claim cannot be affirmed because it had subject matter jurisdiction and the plaintiff failed to state a claim. Multiple grounds support jurisdiction and several independent reasons support the dismissal of the complaint. I plan to focus first on the grounds on which the district court relied, diversity jurisdiction and the statute of limitations, and then address the plaintiff's additional problem of claim splitting. The district court correctly found that the amount in controversy probably exceeds $75,000. The clear error standard of review applies to this factual finding, but it easily passes de novo review as well. You know, this is not a factual finding. It's something based on the pleadings. Clear error applies when he's got testimony that's in conflict. Your Honor, in this case, the district court did not cite in its opinion all of the evidence that the defendant presented that supports the amount in controversy here. However, it is clear that We're really talking about what's in the complaint, right? The district court focused on what was in the complaint. What in the complaint addresses the $75,000 minimum? Your Honor, there are multiple allegations in the complaint that address the amount in controversy. It does not need to be calculated with precision. Rather, we simply need to show that it probably is greater than $75,000. I'm not sure that's right. What's your best evidence that this meets the $75,000 threshold? Your Honor, first, the complaint alleges that the Caroon business that the plaintiff operates is a multimillion dollar business. It also details the importance of the Caroon name, trademarks, and goodwill to this business. Okay, so let's say that's all true. Where does it indicate that in this case there's more than $75,000 in controversy? Your Honor, what the plaintiff further alleges is that by my client, Aura, maintaining his websites, the defendant has succeeded in causing rampant widespread confusion among consumers and diversion of sales away from Caroon. The allegation doesn't give an exact dollar number. However, it also goes on to allege at pages 130 and 131 of the excerpts of record, Caroon has been greatly harmed because of inter alia, the consumer confusion those breaches have created with respect to the name and mark and also... I hear you, but the reality is the Supreme Court in our case law has been pretty clear that general statements, which can be puffed, really aren't what control here. Don't you have to allege specifically with not a whole lot of falderal that there's more than $75,000 in controversy here? No, Your Honor. The law does not require a specific allegation of a sum greater than $75,000. What is the paragraph section of the complaint that you rely on that you think most strongly supports your position that there's more than $75,000 in controversy here? Your Honor, it would be a combination of the plaintiff's allegation that it's a multi-million dollar business, plus the plaintiff's description of the harm it claims that my client's acts have caused it to suffer and will continue to suffer. Those are all pretty, the multi-million dollars, I mean that's easy to say, but so it's the general harm allegation and the multi-million dollar business, that's your best shot? Your Honor, yes, from the complaint and coupled with that would be the relief that the plaintiff seeks here. This Court's case law is very clear that you measure the amount in controversy in terms of the value of the object of the litigation. The object of the litigation here is the Caroon name and trademarks, which not only the complaint establishes are very valuable, there's other evidence in the record that establishes with even greater monetary specificity that the value of that object exceeds $75,000. And that evidence may be considered here. This is a case where because the complaint did not state a specific dollar amount, the court is free to look at other evidence and regardless of whether the district court cited that evidence, that evidence is in the record and the court may affirm on any ground supported by the record. Do you have anything in there that shows what losses would ensue if the court were to deny relief? Is there anything in the complaint about that? To the plaintiff? Mm-hmm. There's not a specific dollar amount, but the plaintiff does say that he will continue that the value of his interest in Caroon will continue to suffer harm absent the relief sought and that harm is in the form of damage to the reputation of the company as well as consumer confusion. Very general allegation. Is there anything in the notice of removal about specific dollars? Your Honor, the notice of removal does not itself cite specific dollars. However, there are at least three other pieces of evidence that do get into more detail. One of them is the declaration of my client, Ara Bagdasarian, that talks about the importance of the Caroon trademark to the Caroon Lebanon business as well as its importance to Caroon Canada and Carlotti. And then he also states that he values this trademark, his company's websites, and the goodwill associated with the Caroon name in the tens of millions of dollars. All of those items are at issue in the litigation, and therefore my client's valuation of the object of the litigation is prohibitive of the amount in controversy. Let me interrupt for just a moment. That strikes me as moving away from your other argument. The previous argument had been based on what's the harm to the plaintiff and his company, and the evidence that you're now pointing to is harm to your client rather than harm to the plaintiff and his company. And what you've so far said as to harm to your client strikes me as vague and the extreme without much evidence to support. Your Honor, first you are correct that I am now talking about the harm to my client, and the case law is clear that you can measure the amount in controversy based on the gain or loss from either party's perspective. I understand that, but I want to tell you that so far the evidence you're supporting, you're providing as to the harm to your client is, if anything, more vague and more speculative than that which is in the complaint. Your Honor, I think that my client's assessment given his experience in the business and his statements which relate to what he would be willing to sell these items for are probative here. However, there is more evidence in the record, especially evidence supplied by the plaintiff himself. There is a 1996 state court complaint that is in the record where the plaintiff was suing other entities based on an alleged oral agreement that had to do with the formation of his Caroon California company. Now the events complained of here are in October of 1991, before the plaintiff had launched his business, and so at that time the only thing of value that the plaintiff had was the Caroon name and the Caroon trademark. This isn't an instance where the plaintiff came here, started a business, came up with a name, made high-quality products, and then that trademark developed secondary meaning. The plaintiff himself has stated on multiple occasions that the basis of his business in America is the goodwill associated with the Caroon name in Lebanon. For example... Okay, I get that, but for example, the Supreme Court in McNutt v. General Motors, Corp. of the concept of allegations of the net worth of a business do not meet the amount of controversy requirement, at least where the business's ability to conduct business at all is not at issue in the case. So it's a multi-million dollar business, it doesn't make it, it just doesn't cover it. But Your Honor, in the 1996 complaint, there are allegations related to the value of the stock that was initially distributed in Caroon California, and it's important because at that time, all that Caroon California had was the Caroon name and the goodwill associated with that name. And what happened in October of 1991 is that 1,000 shares were divided equally between the plaintiff and the defendant corporation in that case. The defendant corporation paid $50,000, and then the plaintiff's consideration for his one-half interest of the company was the right to use the name Caroon Dairies, Inc., and the goodwill associated with that name among the people of Lebanese origin living in the United States. That, Your Honors, even by itself, meets the standard of showing by a preponderance of the evidence that the value of the object in the litigation today... Yeah, but that's not the question. The question is what's in controversy, and what's in controversy is the harm to that asset, not the value of the asset. Your Honor, this Court's decision in Cone v. Petsmart shows that when you have a trademark infringement action, the value of the trademark itself is not supplied. This is not a trademark case, I remind you. You know, the Postal Incident Press case kind of takes care of that, doesn't it? Your Honor... You don't have a Lanham Act jurisdictional plenary, do you? Your Honor, not in this case because of the claim-splitting problem. However, the claim in this case, that fact actually cuts in favor of our position here because the claim in this case seeks relief that is even broader than the relief that is sought in the Southern District action. It's not only seeking the same relief in terms of enjoining the use of the name and the mark that's at issue in the Southern District. It's also trying to get an injunction against our client from competing against the plaintiff's business anywhere in the world. Therefore, if anything, the allegations about value associated with the trademark itself would understate and not overstate the amount in controversy in this action. And if we focus, as this Court held in Cone v. Petsmart, focus on the value of the object in litigation, which there was the trademark, here was the trademark, that's a trademark infringement action. This is broader than a trademark infringement action, but seeks relief that includes and exceeds what the plaintiff has sought in the trademark infringement action. The district court reasonably found that the amount in controversy exceeds $75,000. Let me ask you this. Under Gauss v. Miles, doubts about whether jurisdiction exists have to be resolved in favor of remand. If we have questions about whether the jurisdictional amount is met here, isn't that what we have to do, is to remand? Your Honor, no, Your Honor, because while that sets forth the general presumption about the existence of removal jurisdiction, the law is very clear that the actual legal standard here is that the defendant has to prove by a preponderance of the evidence that diversity jurisdiction exists. Therefore, even if you set aside the clear error standard of review, if this Court agrees with the district court that it is even one scintilla more likely than not that the value of the object in litigation here exceeds $75,000, then it is proper to affirm here, even if the Court thinks that there is a 49 percent doubt as to whether removal jurisdiction exists. Let me ask you this before your time runs. Assume for the moment that we do have, the district court did have jurisdiction and we have jurisdiction. Why isn't it a very good argument, even with respect to the California two-year statute of limitations, that this is, if the allegations as to the nature of the oral contract are believed and your client is violating the contract, this is an ongoing violation and therefore, when we're talking about prospective relief, any violation of the contract going forward, of course, comes with the statute of limitations. How do you respond to that argument? Your Honor, first, because as you know, plaintiff did not raise that issue below. That issue has not been briefed. It has not been considered. Everyone here has agreed that the California two-year statute of limitations began to run when the plaintiff discovered the facts surrounding the defendant's alleged breach, and that was in late 2006. Therefore, the argument is waived, and I'm not aware of any authority that would enable the California statute essentially to run indefinitely here. So the parties have been in agreement, and I think that... Do you disagree with the proposition that if this is a valid contract and its provisions are as alleged, that this is an ongoing obligation on the part of your client? Your Honor, our position is that the statute of limitations... No, I just... That's a different question. Regardless of whether... Would you please answer my question? Yes, Your Honor. Does your client have an ongoing obligation under the contract? Your Honor, my client denies all of the allegations about the contract, but if you assume the truth of the allegations, then there would be an ongoing obligation. However, I'm not aware... Next. Yes. Assume, then, that he has an ongoing obligation. I don't ask you to concede the truth of the allegations, but assume that he has an ongoing obligation. He breaches that obligation tomorrow. Are you saying no cause of action can be brought on that? Your Honor, I'm not aware of any California authority, and this issue has not been briefed. I understand it's not been briefed. But by the way, I am presently not aware of any California authority that would enable the plaintiff to pursue the breach of contract action under the California statute of limitations, regardless of how long the alleged violation has continued. The relevant fact here, which the parties have agreed, is that the alleged breach was discovered at least by late 2006. And therefore, as we explained in our brief, when the court properly applies the governmental interest test here, the California statute of limitations bars the plaintiff's claims. Thank you, Your Honors. Thank you. On the question of jurisdiction, it just seems to me that the law is clear that the district court can't say, I may have jurisdiction, so I'll decide this case on the merits, or I probably have jurisdiction, so I'll decide this case on the merits. He has to actually have jurisdiction. And I think that counsel's response makes it clear that what the district court did was what I just said he shouldn't have done. There is no evidence in the record to indicate more than 75,000, but you've been patient with me, and I won't belabor that point anymore. On the question of limitations, I think that it makes no sense to say that California has some interest, some state interest, in imposing a two-year statute of limitations when it doesn't have any California residents to protect our olives in Virginia. The agreement was made in Lebanon. It was to be performed in Lebanon, and it was non-performed in Lebanon. It seems to me that the clear statute of limitations is 10 years. If you don't agree with me on jurisdiction, I'd love to have you make that clear, because as I pointed out in my supplemental request for judicial notice, the defendant is arguing in San Diego that a ruling on the statute of limitations to preclude our enforcing this contract would also preclude our asserting the agreement as a defense. That can't be right. I don't want to argue that, but anyway, unless your honors have any further questions, we'll submit. Okay. Thank you. Thank you, sir. Thank you very much. This area now submitted. And we're in adjournment. We already submitted the other cases. There are three other cases on the calendar that we have submitted on the briefs.
judges: Fletcher, Smith, Watford